UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21983-JEM/Becerra

APT ADVANCED POLYMER
TECHNOLOGY CORPORATION, and
SYNTHETIC TURF RESOURCES
CORPORATION,

      Plaintiffs,

v.

ALP TURF INC. doing business as SYN
LAWNS OF SOUTH FLORIDA, and
ALEJANDRO PRIETO,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court on Plaintiffs' APT Advanced Polymer Technology Corporation ("APT") and Synthetic Turf Resources Corporation ("STR") (collectively, "Plaintiffs") Renewed Motion for Default Judgment (the "Motion" or "Renewed Motion for Default"). ECF No. [18]. Defendants did not file a response to the Motion and the time to do so has passed. Upon due consideration of Plaintiffs' Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiffs' Motion be **DENIED**.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [19].

1

I.     **BACKGROUND**

Plaintiffs are "global manufacturer[s] and supplier[s] of synthetic turf and related recreations surface coatings and specialty products." ECF No. [1] ¶ 9. Plaintiffs allege that they own the following trademarks (the "Marks"), which are "valid and subsisting U.S. trademark registrations":

| MARK | REG. NO. | GOOD/SERVICES |
|---|---|---|
| SYNLAWN | 3,056,131 | Artificial turf, namely, synthetic turf used for lawn and recreational purposes |
| SYNLAWN | 5,285,445 | Artificial turf; Synthetic grass |
| SYNLAWN (logo) | 5,434,010 | Artificial turf; Artificial turf for laying on the surface of recreational areas; Synthetic grass |
| (grass logo) | 5,387,414 | Artificial turf; Artificial turf for laying on the surfaces of recreational areas; Synthetic grass |

*Id.* ¶ 11.

Plaintiffs also allege that Defendants operate an outdoor landscaping and construction business under the name "Syn Lawns of South Florida." *Id.* ¶ 15. According to Plaintiffs, Defendants advertise on http://www.synlawnssofla.com and http://www.synlawnmiami.com. *Id.* ¶16. Plaintiffs allege that Defendants use the below logo design in connection with their business, which Plaintiffs contend "is nearly identical to Plaintiffs' SYNLawn® Marks in terms of overall sight, sound, meaning, and commercial impression":

 

*Id.* ¶¶ 17–18.

Plaintiffs allege that Defendants are not authorized distributors or installers of SYNLawn® products and are not licensed to use the Marks. *Id.* ¶¶ 19, 24–25. Plaintiffs also allege that Defendants' logo is "confusingly similar" to Plaintiffs' Marks and that, "[o]n information and belief, Defendants are making representations concerning their purported 'Syn Lawns' artificial grass installation services that are false and/or misleading statements of fact concerning the goods and services provided by Defendants because they are not authorized distributors of SYNLawn® goods or services." *Id.* ¶¶ 23, 26. Plaintiffs further allege, on information and belief, that Defendants' representations "have deceived and/or have the capacity to deceive a substantial segment of customers, who are likely to believe Defendants' goods or services are authentic SYNLawn® goods or services or that they are authorized by Plaintiffs to provide such goods or services." *Id.* ¶ 27. Plaintiffs allege that these material statements by Defendants cause injury to Plaintiffs by diminishing Plaintiffs' reputations. *Id.* ¶¶ 28–29. Plaintiffs contend, on information and belief, that Defendants' products and services are inferior to those of Plaintiffs. *Id.* ¶¶ 30–31.

Plaintiffs allege that on February 19, 2020, October 12, 2020, and November 6, 2020, they or their counsel sent cease-and-desist communications to Defendants. *Id.* ¶ 20. Plaintiffs' representative also spoke to Defendant Prieto; accordingly, Plaintiffs contend that Defendants had "actual notice of Plaintiffs' claims." *Id.* ¶ 21. According to Plaintiffs, Defendants have not acknowledged any of the communications. *Id.* ¶ 22.

On September 21, 2021, a Clerk's Default was entered against Defendants based on their failure to appear in this action. ECF No. [13]. On September 29, 2021, Plaintiffs filed their Motion for Default Judgment (the "Original Motion for Default"). ECF No. [14]. On December 16, 2021, the Court entered an Order on Motion for Final Default Judgment. ECF No. [16]. Therein, the

Court denied without prejudice Plaintiffs' Original Motion for Default, because "many of the allegations concerning Defendants['] use of the Marks and SYNLawn® brand[] are made on information and belief" which is "insufficient to support default judgment without further factual support." *Id.* at 5.  The Court also noted that "the party seeking default judgment must prove its damages," and pleadings on information and belief are likewise insufficient.  *Id.*

Plaintiffs then filed the instant Motion on December 27, 2021.  ECF No. [18].  Plaintiffs contend that the Renewed Motion for Default "does not rely on any allegations pled on information and belief" and take the position that "[t]he Complaint includes sufficient factual allegations that were *not* based 'on information and belief' that are themselves sufficient" to establish liability.  *Id.* at 2 (emphasis in original).  In fact, the only change Plaintiffs make in the Renewed Motion for Default is the addition of a footnote citing to an exhibit of Defendants' annual filing with the Secretary of State, which Plaintiffs argue the Court may take judicial notice of in order to establish the facts of "Defendants' identity and corporate status."  *Id.*  As to proving damages, Plaintiffs note that they "do not seek damages from Defendants, but rather seek only injunctive relief to prohibit further acts of trademark infringement" such that "proving monetary damages is unnecessary."  *Id.*  Plaintiffs otherwise reiterate the same arguments as those set forth in their Original Motion for Default.  *See generally* ECF Nos. [14], [18].

II.     ANALYSIS

"Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).  However, "[a] defendant's default does not in itself warrant the court entering a default judgment."  *Id.* (quoting *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)).  Indeed, the Court's decision whether

4

to grant a motion for default is discretionary. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant is not held to admit facts that are not well pled or to admit conclusions of law; accordingly, the Court must determine whether the complaint adequately states a claim upon which relief may be granted. *See id.* (citing *Nishimatsu*, 515 F.2d at 1206); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default[.]").

To adequately state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Well-pled factual allegations are deemed to have been admitted by the defaulting defendant. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Once liability is established, the Court must also assess forms of relief. *See Chanel, Inc. v. French*, No. 0:05-cv61838, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006). Remedies for trademark infringement include injunctive relief. *See Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1353 (11th Cir. 2019).

**A. Plaintiffs Have Not Sufficiently Pled a Claim.**

Plaintiffs' Complaint includes four claims against Defendants. Count I alleges federal trademark infringement in violation of 15 U.S.C. § 1114. ECF No. [1] ¶¶ 36–40. Counts II and III allege violations of false advertising and false designation of origin (Count II) and trademark infringement and unfair competition (Count III) in violation of 15 U.S.C. § 1125(a). *Id.* ¶¶ 41–50. Count IV alleges deceptive and unfair trade practices in violation of Fla. Stat. §§ 501.211(1)&(2).[2] *Id.* ¶¶ 51–56. The undersigned analyzes whether Plaintiffs have adequately stated each claim.

---

[2] The Florida Deceptive and Unfair Trade Practices Act "creates a private cause of action for declaratory and injunctive relief for 'anyone aggrieved by a violation of [Fla. Stat. § 501.211(1)]'" as well as "a private cause of action for actual damages, attorney fees and court costs for 'a person who has suffered a loss as a result of a violation of [Fla. Stat. § 501.211(2)].'" *Colonial Van Lines,*

To prevail on their claim of trademark infringement in violation of 15 U.S.C. § 1114 in Count I, Plaintiffs would have to "demonstrate '(1) that [they] had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.'" *Fendi S.r.l. v. Bag*, No. 0:19-cv-61356, 2019 WL 4693677, at *2 (S.D. Fla. Aug. 28, 2019) (quoting *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001)). Moreover, as to Counts II and III, "[t]he test for liability . . . under 15 U.S.C. section 1125(a) is the same as for a trademark counterfeiting and infringement claim — *i.e.*, whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Id.* at *3 (citation omitted). Finally, "[t]o state a claim for injunctive relief [pursuant to Fla. Stat. § 501.211(1)], Plaintiff is required 'to allege that the defendant engaged in a deceptive act or practice in trade or commerce, § 501.204(1), and that the plaintiff [is] a person 'aggrieved' by the deceptive act or practice, § 501.211(1).'" *Colonial Van Lines*, 2020 WL 6700449, at *4 (quoting *Klinger v. Weekly World News, Inc.*, 747 F. Supp. 1477, 1480 (S.D. Fla. 1990)). Trademark infringement constitutes "an unfair and deceptive trade practice." *Id.* (citing *Sun Prot. Factory, Inc. v. Tender Corp.*, No. 6:04-cv-00732, 2005 WL 2484710, at *13 (M.D. Fla. Oct. 7, 2005)). Accordingly, Plaintiffs may establish liability as to each Count if they have adequately pled trademark infringement and that such infringement had a detrimental effect on Plaintiffs. For the reasons that follow, the undersigned finds that Plaintiffs have not pled sufficient facts to establish trademark infringement.

As to the first element of a trademark infringement claim, Plaintiffs have pled that they had prior rights to the Marks. *See* ECF No. [1] ¶ 11. The second element of trademark infringement

---

*Inc. v. Colonial Moving & Storage, LLC*, No. 0:20-cv-61255-RAR, 2020 WL 6700449, at *4 (S.D. Fla. Oct. 20, 2020).

(as well as false advertising and false designation of origin and unfair competition) requires that the Plaintiffs allege that Defendants' mark was so similar that it was likely to cause confusion or deception.  In the Complaint, Plaintiffs allege "[o]n information and belief, [that] Defendants are making representations concerning their purported 'Syn Lawns' artificial grass installation services that are false and/or misleading statements of fact concerning the goods and services provided by Defendants because they are not authorized distributors of SYNLawn® goods or services" and that Defendants' representations "have deceived and/or have the capacity to deceive a substantial segment of customers, who are likely to believe Defendants' goods or services are authentic SYNLawn® goods or services or that they are authorized by Plaintiffs to provide such goods or services." *Id.* ¶¶ 23, 26, 27.  Despite this Court's Order on Motion for Final Default Judgment informing Plaintiffs that allegations on information and belief are insufficient to establish that Plaintiffs are entitled to default judgment, Plaintiffs have made no effort in their Renewed Motion for Default to supplement the allegations in their Complaint with factual assertions.  Rather, Plaintiffs submit a nearly-identical motion and maintain that the Complaint is already sufficient, despite this Court's prior ruling that it is not.  While Plaintiffs supplement the instant Motion with information concerning Defendants' identity, they make no effort to develop their allegations of confusion of the marks.  Given that the Court has already deemed such allegations insufficient to establish liability, the undersigned finds that Plaintiffs have failed to adequately state a cause of action as to each Count, such that Plaintiffs have not shown that they are entitled to default judgment as to liability.  *Cf. Colonial*, 2020 WL 6700449, at *3 (finding likelihood of confusion where, among other things, Plaintiff alleged "that it has received inquiries from consumers who have been to Defendant's website and believed it was owned, operated, or

affiliated with Plaintiff's services"). Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' Motion be **DENIED**.

### B. Plaintiffs Are Not Entitled to a Permanent Injunction Against Defendants.

In order to establish the need for an injunction, a plaintiff must demonstrate that "(i) it has suffered an irreparable injury (success on the merits); (ii) remedies available at law, such as monetary damages, are inadequate; (iii) the balance of hardships between the plaintiff and defendant favor injunctive relief; and (iv) the public interest would be served by a permanent injunction." *Apple Corps Ltd. v. BettyRobeson*, No. 0:19-cv-60404, 2019 WL 7344825, at *5 (S.D. Fla. Oct. 22, 2019) (citing *Angel Flight, Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008), *report and recommendation adopted*, No. 0:19-cv-60404, 2019 WL 7344796 (S.D. Fla. Dec. 13, 2019). In this case, Plaintiffs have failed to establish that they are entitled to a permanent injunction. For the same reasons discussed as to liability, Plaintiffs have failed to establish the first requirement for an injunction: success on the merits. Because Plaintiffs have not sufficiently pled their claims, they cannot demonstrate success on the merits. Therefore, the undersigned **RECOMMENDS** that Plaintiffs' request for an injunction be **DENIED**.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiffs' Renewed Motion for Default, ECF No. [18], be **DENIED**, and that the case be **DISMISSED WITHOUT PREJUDICE.**

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file

objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on August 17, 2022.

_____
JACQUELINE BECERRA
United States Magistrate Judge